**SO ORDERED.**

**SIGNED April 14, 2011.**



_____
**HENLEY A. HUNTER**
**UNITED STATES BANKRUPTCY JUDGE**

---

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA  DIVISION**

IN RE:
    **RODNEY LYNN MILLER**                    **CASE NO. 10-81829**
    **REBECCA ANNE MILLER**

**REASONS FOR DECISION**

This matter comes before the Court on its Orders to Show Cause why debtors' counsel should not be suspended from practice in this Court, why any funds paid should not be disgorged, and counsel held in civil contempt. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) implicating the Court's inherent power to supervise the practice of attorneys and other professionals. This Court has jurisdiction pursuant to 28 U.S.C. §1334 and by virtue of the reference of the District Court pursuant to Local District Court Rule 83.4.1 incorporated into Local Bankruptcy Rule 9029.3. No party has sought to withdraw the reference, nor has the District Court done so on its own motion. The Court makes the following findings of fact and conclusions of law in accordance with F.R.B.P. 7052.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is an appalling case of an attorney failing to perform his duties to his clients and obligations to the Court. A voluntary petition under Chapter 7 was filed on behalf of these debtors on November 23, 2010. Mr. Clark C. Roy appeared as Counsel to debtors. The Clerk of the Bankruptcy Court issued a deficiency notice to the debtors and counsel, noting that the filing fee had not been paid, the Disclosure of Compensation for debtors counsel was incomplete and unsigned; and the debtors had not filed the payment advices or other evidence of payment from any employer within 60 days of the filing of the petition, and the Declaration Re Electronic Filing. (Doc. #6.)

The filing fee, due at the time of the filing of the petition, was not paid until December 3, 2010. On January 25, 2011, debtors' counsel filed what purported to be a Disclosure of Compensation of Attorney for the Debtor, as required by 11 U.S.C. §329(a) and Bankruptcy Rule 2016(b). (Doc. #12.) On the same date, debtors filed the requisite payment advices required by 11 U.S.C. §521(a)(1)(b)(4). (Doc. #11.)

The Court's concerns might well have ended had the attorney's disclosure of compensation been completed. Instead, the form indicated that Mr. Roy had agreed to accept the sum of $800.00; in manner which the Court can only describe as nearly indecipherable handwriting. The form did not indicate whether the source of the payment was the debtor or some other source; and it reflected that Mr. Roy had "agreed to share the ...compensation with a person or persons who are not members or associates of my law firm." While a copy of that agreement was purportedly attached to the disclosure, there was no attachment.

Thus, the Court entered a series of orders directing Mr. Roy to appear and address the deficiencies. Despite the filing of three separate Orders to Show Cause, Mr. Roy did not attend a

2

hearing until April 13, 2011, after the third Order to Show Cause set for March 30, 2001 had been continued in open Court, following Mr. Roy's calls to the Chambers of the above-signed, requesting a continuance on the morning of the hearing. (Docs. #13, #18; #20; #26, attached.) Mr. Roy finally attended a hearing on April 13, 2011. Participating telephonically was the Assistant United States Trustee for Region 5.

At the outset, Mr. Roy reported he was a sole practitioner, the compensation was paid by the debtor, and that he had no agreement to share compensation in this case with anyone.[1] Again, the inquiry might well have been settled had Mr. Roy completed the form indicating those were the facts months before the hearing. However, Mr. Roy continued to refer to his lack of computer expertise and his inability to penetrate the mysterious veil of electronic filing. *The Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means*, adopted pursuant to LBR 1002-1, as amended March 19, 2008, or as amended thereafter, include the requirements that "each attorney admitted to practice...shall be entitled to one (1) System password," in order to participate in the electronic retrieval and filing of pleadings. Each attorney is required to apply for such a password and undergo training under the auspices of the Clerk of the Bankruptcy Court. Procedures' §§II.[2] An application for such training is required.

Mr. Roy applied for a password for the Alexandria Division alone and underwent training. His signature to the application, copy attached, affixed September 3, 2010, attests to his understanding that the use of the password required him to maintain in his records all original

---

[1]Mr. Roy did not testify under oath. The Court accepted his statements as those of an officer of the Court.

[2]*Pro Se Filers* may file fully signed paper originals. Administrative Procedures, §III(C) .

3

documents bearing his signature and also those of any signer on whose behalf he filed any documents when filed using his password. (Application ¶4.) The application also pledged to protect and secure the confidentiality of the password and to report to the court in writing if the use of the password is compromised.

Clearly Mr. Roy viewed the vagaries of the electronic filing system as something akin to the alchemist's power to change base metal into gold. Confessing his own ineptitude in such matters, he acknowledged that he had not in fact complied with the requirement to maintain the originals of all documents signed by him or bearing the original signature of any signer on whose behalf documents were filed using his password. Additionally, Mr. Roy acknowledged that he had entrusted the actual preparation and filing of the petition and schedules to a non-lawyer, who was not employed in his office, nor was such lay person under his control and supervision. Thus, he acknowledged that he could not only not produce the originals of the petitions and schedules in this case; nor could he attest that the debtors actually signed their own petition or at any time actually appeared before the non-lawyer petition preparer. To further confound the Court, Mr. Roy later acknowledged, contradicting his own assertions at the beginning of the hearing, that the filing fee was paid out of the $800.00, and that he paid the non-lawyer petition preparer $150.00 for assistance in the preparation and filing of the same. As if those omissions of his duty were not enough, he stated that the same non-lawyer petition preparer assisted him in obtaining the CM/ECF password. At the end of the day, it appears that only the payment advices in this case, (Doc. #11) actually bear (or purport to bear) debtors' original signatures, and the Disclosure of Attorney Compensation (Doc. #12) bears Mr. Roy's signature. Exhibit Roy-1, *in globo.*

Mr. Roy attempts to justify his conduct on two grounds. First, he insists he only filed cases

on an occasional basis, and that this case is the only case filed since the clerk's office ceased to permit him to bring the pleadings to that office to be scanned into the system. A review of the filings in this Court for the years 1986-2011 reflect that Mr. Roy filed 74 cases. The cases filed in 2009 support his contention that he previously had pleadings scanned into the system. Only the Miller case was filed in 2010. Thus far in 2011, he filed only one case, No. 11-80360, which case was stricken for failure of the putative debtor to comply with 11 U.S.C. §109(h) regarding the pre-petition credit counseling requirement. The infrequency of his filings is cold comfort to the Court, as is the fact that the Court expressly directed Mr. Roy to submit to training under the electronic filing system pursuant to its order dated November 10, 2009, Case No. 09-81294, and that he failed to submit an application until September 3, 2010.[3]

Mr. Roy next claimed ignorance as a defense, which argument the Court declines to address; and, finally, argued that the non-lawyer petition preparer had been supervised by him, at least to the extent that he dutifully obtained all the necessary documents and took same to the preparer, frequently completing draft schedules and statements for filing in his own handwriting. This Court rejects this contention out of hand. The definition of a "bankruptcy petition preparer" excludes any person, other than attorney, who prepares a document for filing *that is not an employee of such attorney under the direct supervision of the attorney.* 11 U.S.C. §110(a)(1). By his own admission, the individual to whom Mr. Roy entrusted the final preparation and filing of the pleadings in this case was not his employee nor was such person under his direct supervision. Mr. Roy could not report that the debtors ever even met said person, nor could he attest that the documents were signed

---

[3]*In re: Adam B. Smith and Amie Smith*, Case No. 09-81294 (Doc. #12, conditionally granting application to enroll as counsel to debtors, copy attached). These reasons do not address any deficiencies in the remaining 2009 cases, or cases filed prior to that year.

5

in the presence of such person, and he had already acknowledged that he could not produce the original documents. The Court takes judicial notice of the failure of this record to reflect the name and address of the preparer and the notice required prior to the acceptance of any compensation as required by 11 U.S.C. §110(b)(1) and (2)(A).

This shameful conduct by Mr. Roy compels this Court to suspend him from practice in this Court permanently; Mr. Roy having consented to a suspension. The Court will further order that the sum of $800.00 be disgorged and turned over to the Chapter 7 Trustee, Mr. Brett Brunson, immediately. Debtors will be allowed 30 days to obtain new counsel. Upon the enrollment of new counsel, Mr. Brunson may disburse $400.00 to such attorney. Debtors are allowed 45 days to file the Certificate of Credit Counseling so that their discharge issuance date may be refixed.[4] Finally, the Court is compelled to make a referral to the United States Attorney for the Western District of Louisiana and to report Mr. Roy's conduct to the Office of Disciplinary Counsel.[5] A separate and conforming Order shall be entered.

# # #

---

[4]Although the record is somewhat confusing, it appears that the debtors have attended the §341 meeting and complied with the trustee's request to turn over copies of their most recent tax return. Upon the correction of the proceeding memo and the filing of the credit counseling certificate, subject to debtors obtaining new counsel, the discharge issuance date may be refixed.

[5] See Court Exhibits 4 and 5.

**SO ORDERED.**

**SIGNED January 25, 2011.**



_____
**HENLEY A. HUNTER**
**UNITED STATES BANKRUPTCY JUDGE**

---

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

IN RE:                                                      CASE NO: 10-81829
      **RODNEY L. MILLER**
      **REBECCA A. MILLER**

### ORDER TO SHOW CAUSE

This Chapter 7 case was filed on November 23, 2010, and to date, the payment advices as required by 11 U.S.C. §521(a)(1)(B)(iv) and F.R.B.P. 1007(b)(1)(E) have not been filed, without which, an accurate assessment of the means test information cannot be performed. Further, debtor(s) has failed to comply with the Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means dated July 30, 2002, which requires under Section VIII(C), that all filers execute and file a Declaration of Electronic Filing (Appendix C) for the purpose of maintaining debtors' original signature by the Clerk of Court. The original must be submitted to the Clerk's office with the petition or within 48 hours of the filing date. Finally, Counsel to Debtor has failed to file a completed Attorney Disclosure Statement pursuant to F.R.B.P. 2016. Accordingly;

**IT IS ORDERED** that the debtor(s) appear and show cause why this case should not be DISMISSED, at a hearing set for **February 9, 2011**, in the Bankruptcy Courtroom, Alexandria, Louisiana, at 9:30 A.M. The Clerk of the Bankruptcy Court is DIRECTED to cancel the hearing on Order to Show Cause if the foregoing deficiencies are cured prior to the date of the scheduled hearing.

# # #



**SO ORDERED.**

**SIGNED February 09, 2011.**

_____
**HENLEY A. HUNTER**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

IN RE:                                                    CASE NO: 10-81829
    **RODNEY L. MILLER**
    **REBECCA A. MILLER**

<u>**ORDER TO SHOW CAUSE REGARDING DISGORGEMENT**</u>

    This Chapter 7 case was dismissed this date for debtors' failure to comply with the Order of this Court to file a Declaration of Electronic Filing for the purpose of maintaining debtors' original signature by the Clerk of Court in accordance with the Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means dated July 30, 2002, Section VIII(C). The original must be submitted to the Clerk's office with the petition or within 48 hours of the filing date. Since the Order setting the original hearing this date, no remedial filings were made, and no appearance was made by or on behalf of the debtors. At the hearing thereon, the Court also discussed that Counsel to Debtor has failed to file a completed Attorney Disclosure Statement pursuant to F.R.B.P. 2016. The Statement filed shows, in barely legible form that Mr. Roy received $800.00 for his services, but does not disclose from whom he received that sum. It further asserts that he agreed to share this fee with an undisclosed person who is not a member of his firm, raising the Court's concerns regarding fee sharing. Rule 2017 of the Federal Rules of Bankruptcy Procedure provides:

    **(b) Payment or Transfer to Attorney After Order for Relief.** On motion
by the debtor, the United States trustee, or on the court's own initiative, the court,

after notice and a hearing may determine whether any payment of money or transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefore is for services in any way related to the case.

Accordingly,

**IT IS ORDERED** that counsel for the debtors, **Clark C. Roy**,  appear for a hearing on **February 23, 2011 at 9:30 a.m.** in the U.S. Bankruptcy Courtroom, Alexandria, Louisiana, to examine the transactions between debtor(s) and counsel in accordance with Bankruptcy Rule 2017, and to show cause why the amounts received as compensation should not be reduced and **DISGORGED.**  The Clerk of the Bankruptcy Court is directed to serve a copy of this Order on the United States Trustee.

# # #

# Notice Recipients

District/Off: 0536−1          User: joneal                    Date Created: 2/9/2011
Case: 10−81829               Form ID: pdf8                   Total: 5

**Recipients of Notice of Electronic Filing:**
ust        Office of U. S. Trustee        USTPRegion05.SH.ECF@usdoj.gov
tr         Ted Brett Brunson             bbrunsonlaw@cp−tel.net
aty        Clark C. Roy      clarkroy1@bellsouth.net

                                                                    TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db         Rodney Lynn Miller        1123 M Cole Road         Vick, LA 71331
jdb        Rebecca Anne Miller       1123 M Cole Road         Vick, LA 71331

                                                                    TOTAL: 2

**SO ORDERED.**

**SIGNED February 23, 2011.**



_____
**HENLEY A. HUNTER**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

IN RE:                                                              CASE NO: 10-81829
    **RODNEY LYNN MILLER**
    **REBECCA ANNE MILLER**


**ORDER TO SHOW CAUSE REGARDING CIVIL CONTEMPT AND DISGORGEMENT**

On February 9, 2011, this Chapter 7 case was dismissed for debtors' failure to comply with the Order of this

Court to file a Declaration of Electronic Filing for the purpose of maintaining debtors' original signature by the Clerk of

Court in accordance with the Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by

Electronic Means dated July 30, 2002, Section VIII(C).[1]  At the hearing thereon, the Court also discussed that Counsel

to Debtor has failed to file a completed Attorney Disclosure Statement pursuant to F.R.B.P. 2016.  The Statement filed

shows, in barely legible form that Mr. Roy received $800.00 for his services, but does not disclose from whom he

received that sum.  It further asserts that he agreed to share this fee with an undisclosed person who is not a member

of his firm, raising the Court's concerns regarding fee sharing.  Rule 2017 of the Federal Rules of Bankruptcy

---

[1] The original must be submitted to the Clerk's office with the petition or within 48 hours of the filing date.
Since the Order setting the original hearing this date, no remedial filings were made, and no appearance was made
by or on behalf of the debtors.

Procedure provides:

> **(b) Payment or Transfer to Attorney After Order for Relief.** On motion by the debtor, the United States trustee, or on the court's own initiative, the court, after notice and a hearing may determine whether any payment of money or transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefore is for services in any way related to the case.

A Rule 2017 hearing was set and held this date, at which only the counsel to the United States Trustee was telephonically present. Mr. Roy, having failed to appear at this second hearing on the Court's Order to Show Cause and having failed to comply with the Court's Order and Rule 2017, has raised the Court's level of concern regarding the transaction between himself and the above-captioned debtors, and Accordingly;

**IT IS ORDERED:**

**(1) Mr. Clark C. Roy is hereby ORDERED to APPEAR AND SHOW CAUSE** , if any, why he should not be held in **CIVIL CONTEMPT** at a hearing to be held on **March 30, 2011 at 9:30 A.M.** in the Bankruptcy Courtroom, Alexandria, Louisiana.[2] The Clerk of the Bankruptcy Court is directed to serve this Order on the Debtors; Mr. Clark C. Roy, the Chapter 7 Trustee; and the United States Trustee.

**(2) IT IS FURTHER ORDERED** that Clark C. Roy is **HEREBY ORDERED TO TURNOVER** the sum of $800.00 to the Chapter 7 Trustee, for which purpose alone, the case is **REINSTATED** for administration without a discharge.

**(3) IT IS FINALLY ORDERED** that Clark C. Roy **APPEAR AND SHOW CAUSE at the March 30, 2011 hearing** , if any, why he should not be **SUSPENDED** from practice in this Court, pending further Orders of this Court.

# # #

---

[2] The Court may exercise its power to Order civil contempt under §105 as construed by *Placid Refining Co. v. Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1977), *See also Bradley v. Thompson*, 588 F.3d 254 (5th Cir. 11/11/2009).

**SO ORDERED.**

**SIGNED March 30, 2011.**



_____
**HENLEY A. HUNTER**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

IN RE:                                                                                    CASE NO: 10-81829
**RODNEY LYNN MILLER**
**REBECCA ANNE MILLER**

### ORDER FROM HEARING ON ORDER TO SHOW CAUSE
### REGARDING CIVIL CONTEMPT AND DISGORGEMENT

A hearing was held this date on the above-captioned Order to Show Cause regarding Civil

Contempt and Disgorgement, at which Mr. Clark. C. Roy failed to appear for the third time in this case.

However, on the morning of the hearing, Mr. Roy telephoned the above-signed Chambers staff to report

that he had the flu and was on his way to consult a physician, and to request a continuance of this matter.

Accordingly; this hearing is hereby **CONTINUED** to **April 13, 2011** **at 9:30 A.M.**, at which

time there will be made an additional determination of whether Mr. Roy's appearance at today's hearing

will be excused, **Mr. Clark C. Roy is hereby ORDERED to APPEAR on that date in compliance**

**with all prior Orders to Appear and Show Cause, and additionally is DIRECTED to bring with**

**him a Physician's excuse documenting the absence in Court this date.**

# # #

EXH.
COURT
# 1

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF LOUISIANA

#### APPLICATION FOR USE
#### OF ELECTRONIC CASE FILING SYSTEM

☒ Original                    ☐ Amended

NAME: Clark C. Roy

☒ **ATTORNEY**   ☐ **PRO HAC VICE**   ☐ **TRUSTEE**   ☐ **CREDITOR**

ADDRESS: 313 n. Main St, | P.O. Box 306

CITY, STATE AND ZIP: Marksville, LA   71351

PHONE #: 318-253-0503   FAX #: 318-253-7522

E-MAIL ADDRESS: clarkroy1@bellsouth.net

FIRM PACER ID # _____

BAR ID #: 08220 _____ STATE OF Louisiana

Training is required before access is permitted to the Electronic Case Filing System. Please select one of the following offices in which you received training. If it is in another District or Bankruptcy Court, please provide that court's information below:

○ Shreveport  ● Alexandria  ○ Lafayette  ○ Lake Charles  ○ Other

If you are already a certified ECF filer in another district, please provide the following:

District/State: Western District/Louisiana
Type the name of the district in which you are ECF certified. Please enclose a copy of your ECF Training Completion Certificate.

This application should be mailed to: U.S. Bankruptcy Court, Attention: Automation Dept., 300 Fannin Street, Suite 2201, Shreveport, LA 71101. If appropriate, a login and password will be issued to the attorney in due course. For all questions regarding this or other ECF matters, please call the Shreveport Automation Department at (318) 676-4267.

1. *Pro Hac Vice Application:* I affirm that I am admitted to practice in the United States Courts for the ___Western___ District of ___Louisiana___ (applicable state) and the information set forth above is true and correct.

2. **Claims or Other Limited Use Application:** I affirm that I am authorized to prepare and file Proofs of Claim, Application(s) To Withdraw Unclaimed Funds, Notice(s) of Appearance, Assignment of Claim(s), Transfer of Claim(s), and/or am authorized to execute and submit Reaffirmation Agreement(s) on behalf of _____ (attach separate sheet if necessary)

3. I understand that use of my password to file a document in a bankruptcy case or proceeding will constitute my signature upon the document and my signing of any proofs of claim or other papers or documents filed by use of the password obtained pursuant to this Application.

4. I understand that it is my responsibility to maintain in my records all documents bearing my original signature that are filed using my password, and all documents bearing the original signature of any signer on whose behalf I file the documents using my password, for a period of five (5) years after the case or proceeding in which the papers are filed has been closed.

5. I understand that it is my responsibility to protect and secure the confidentiality of my password. If I believe that my password has been compromised, it is my responsibility to notify the court in writing, immediately.

6. **I understand that it is my responsibility to notify the court immediately of any change in my address, telephone number, fax number, or e-mail address. This information is required in writing, on letterhead, with signature of the party that the account login is issued to.**

7. I understand that registration as a Filing User constitutes: (1) waiver of the right to receive notice by first class mail and consent to receive notice electronically; and (2) waiver of the right to service by personal service or first class mail and consent to electronic service, except with regard to service of a summons and complaint under Fed.R.Bankr.P. 7004. Waiver of service and notice by first class mail applies to notice of the entry of a order or judgment under Fed.R.Bankr.P. 9022.

8. At this time, the requirements for filing, viewing and retrieving case documents are:

   ✳ A personal computer with a standard operating system (i.e., Windows 95 or higher or Macintosh)
   ✪ Internet access*

   ✪ Internet Explorer 5.5 or Mozilla Firefox (Netscape Navigator NO LONGER SUPPORTED)

   ✪ Adobe Acrobat and Exchange software **

   ✪ Windows or Macintosh based petition and word processing software

   ✪ A scanner for documents which are not in your word processor or petition software

**Notes:**

* High speed Internet access is recommended, but NOT required. (i.e., cable modems, DSL, etc.)
** Adobe Acrobat is needed. Be sure not to confuse Adobe Acrobat with Adobe Acrobat Reader. You will need to view AND create .pdf files. The Reader version of Acrobat will not allow you to create .pdf files, only to read and view them. You can find descriptions of the procedures at http: www.adobe.com

**DO NOT use** (AOL) American Online's version of Netscape Navigator, or any version of Netscape Navigator as it is no longer supported.

I agree to adhere to court procedures for the Electronic Case Filing System. I understand that it is my responsibility to learn and use any and all updates to the Electronic Case Filing System procedures.

_____                          09/03/2010
Applicant Signature                                          Date

**Please return ORIGINAL to:  United States Bankruptcy Court**
                             **ATTN: AUTOMATION DEPT.**
                             **300 Fannin Street, Suite 2201**
                             **Shreveport, LA 71101**

### *PLEASE DO NOT WRITE BELOW THIS LINE*
### FOR OFFICIAL COURT USE ONLY

DATE OF ECF TRAINING: _____ DATE COMPLETED: _____

ENTERED INTO DATABASE BY: _____ DATE:_____

LOGIN:_____ PASSWORD: _____ EMAIL VERIFIED: _____

DATE ACCOUNT DISABLED: _____ BY: _____

**CASE NO.: 09-81294**

| | |
|---|---|
| **IN RE:** | **UNITED STATES BANKRUPTCY COURT** |
| **DEBTORS** | **WESTERN DISTRICT OF LOUISIANA** |
| **ADAM B. SMITH AND AMIE SMITH** | ~~UNITED STATES OF AMERICA~~ |
| **FILED:** _____ | **BY:**_____ |

FILED

NOV 1 0 2009

J. BARRY DUNFORD, CLERK
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT of LOUISIANA

## MOTION TO ENROLL AS COUNSEL OF RECORD

NOW INTO COURT, through their undersigned counsel, comes ADAM B. SMITH and

AMIE A. SMITH, petitioners for Chapter 7 Bankruptcy in the above referenced proceedings, who

upon suggesting to the Court that they have retained Clark C. Roy, Attorney at Law, Marksville,

Louisiana, to represent their interest in the captioned proceedings and that they desire and are entitled

to have him named as counsel of record, It Is By Reason Thereof

ORDERED that Clark C. Roy, Attorney at Law, 313 North Main Street, P. O. Box 306,

Marksville, Louisiana 71351, bar roll #08220, be and he is hereby formally entered as counsel of

record for ADAM B. SMITH and AMIE A. SMITH, to serve as occasion may require, *subject to*
*the filing of an application for use of electronic*
Alexandria, Louisiana this __10__ day of ____Nov.____, 2009. *case filing*
*forthwith*

_____
**JUDGE**
**BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**

RESPECTFULLY SUBMITTED:

BY: _____
CLARK C. ROY
Bar Roll #08220
313 N. Main Street
P. O. Box 306
Marksville, Louisiana 71351
(318) 253-0503
*Attorney for Adam B. Smith*
*and Amie A. Smith*



RECEIVED

MAY 1 7 2004

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

**Supreme Court**
STATE OF LOUISIANA
New Orleans

PASCAL F. CALOGERO, JR.
CHIEF JUSTICE

JOHN TARLTON OLIVIER
CLERK OF COURT

301 LOYOLA AVENUE
NEW ORLEANS, LA 70112

TELEPHONE (504) 568-5707
HOME PAGE http://www.lasc.org

May 11, 2004

Hon. William K. Suter
Clerk, U.S. Supreme Court
Office of the Clerk
Washington, D.C. 20543

In Re:     Clark C. Roy
          Bar Roll No. 8220
          Marksville, LA
          Docket No. 04-B-0635

Dear Mr. Suter:

Enclosed please find the action taken by this Court in the above entitled matter. The case became final in this Court on **April 30, 2004.**

With kindest regards, I remain,

Very truly yours,

John Tarlton Olivier
Clerk of Court

By:     Monique R. Drake
        Deputy Clerk of Court

MRD:rbb
ccs:

Hon. Charles R. Fulbruge, III,
Clerk, U.S. Court of Appeals, Fifth Circuit
Hon. Loretta G. Whyte, USDC, Eastern District
Beth Perry, USDC, Middle District
Hon. Robert H. Shemwell, USDC, Western District
Hon. Charles B. Plattsmier, Disciplinary Counsel
Joseph L. Shea, Esq., Chairman Disciplinary Board
Loretta Topey, Executive Director, LSBA
Donna Roberts, Administrator, Disciplinary Board
Hon. Sidney Strickland, Secretary, ICC
Regional Director, IRS
Hon. Hugh M. Collins, Ph.D., Judicial Administrator
Monique Leon, Notarial Archives
George Lowe, Off. of Hearing/Appeals Social Secuity Adminstration
Fox McKeithen, State of Louisiana, Notarial Commission
Harvey Lewis

Hon. Christine L. Crow
Clerk, 1st Circuit Ct. Of Appeal
Hon. Diana Pratt-Wyatt
Clerk, 2nd Circuit Ct. Of Appeal
Hon. Kenneth J. deBlanc
Clerk, 3rd Circuit Ct. Of Appeal
Hon. Danielle Schott
Clerk, 4th Circuit Ct. Of Appeal
Hon. Peter Fitzgerald
Clerk, 5th Circuit Ct. Of Appeal

# The Supreme Court of the State of Louisiana

**IN RE:  CLARK C. ROY**

NO.  2004-B-0635

- - - - - -

IN RE:  Roy, Clark C.; Disciplinary Counsel; - Plaintiff(s); Applying
for Joint Motion for Consent Discipline

- - - - - -

**April 30, 2004**

Consent discipline ordered.  See per curiam.

BJJ

PFC

CDK

JPV

CDT

JLW

KNOLL, J.,  recused.

Supreme Court of Louisiana
April 30, 2004

*Katherine A. Fontana*

Deputy Clerk of Court
For the Court

SUPREME COURT OF LOUISIANA

NO. 04-B-0635

IN RE: CLARK C. ROY

ATTORNEY DISCIPLINARY PROCEEDINGS

PER CURIAM

APR 3 0 2004

    The Office of Disciplinary Counsel ("ODC") commenced an investigation into allegations that respondent neglected his clients' legal matters, failed to communicate with his clients, misled his clients concerning the status of their legal matters, and failed to refund unearned legal fees. Prior to the filing of formal charges, respondent and the ODC submitted a joint petition for consent discipline. Having reviewed the petition,

    IT IS ORDERED that the Petition for Consent Discipline be accepted and that Clark C. Roy, Louisiana Bar Roll number 8220, be suspended from the practice of law in Louisiana for a period of three years. This suspension shall be retroactive to April 25, 2001, the date of respondent's interim suspension.

    IT IS FURTHER ORDERED that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.



## Supreme Court
### STATE OF LOUISIANA
### New Orleans

PASCAL F. CALOGERO, JR.
CHIEF JUSTICE

JOHN TARLTON OLIVIER
CLERK OF COURT

September 11, 2007

400 ROYAL STREET
NEW ORLEANS, LA 70130

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

Hon. William K. Suter
Clerk, U.S. Supreme Court
Office of the Clerk
Washington, D.C. 20543

Re:     *In Re: Clark C. Roy*
        Bar Roll no. 08220
        Marksville, LA
        Docket no. 2007-OB-0929

Dear Mr. Suter:

Enclosed please find the action taken by this Court in the above-entitled matter, which is self-explanatory. The case became final in this Court on **August 31, 2007.**

With kindest regards, I remain,

Very truly yours,

John Tarlton Olivier
Clerk of Court

By:     Jeffrey C. Collins
        Chief Deputy Clerk of Court

JCC:pal
Enclosure
ccs:    Hon. Charles R. Fulbruge, III,
        Clerk, U.S. Court of Appeals, Fifth Circuit
        Hon. Loretta G. Whyte, USDC, Eastern District
        Beth Perry, USDC, Middle District
        Hon. Robert H. Shemwell, USDC, Western District
        Hon. Charles B. Plattsmier, Disciplinary Counsel
        Denise Tingstrom, Director of Admin., LSBA
        Donna Roberts, Administrator, Disciplinary Board
        U.S. Surface Transportation Board
        Regional Director, IRS
        Hon. Hugh M. Collins, Ph.D., Judicial Administrator
        Melissa Kent, Notarial Archives
        George Lowe, Off. of Hearing/Appeals Social Security Administration
        Cynthia Cotton, Notarial Division, Secretary of State Office

Hon. Christine L. Crow
Clerk, 1st Circuit Ct. Of Appeal
Hon. Diana Pratt-Wyatt
Clerk, 2nd Circuit Ct. Of Appeal
Hon. Charles K. McNeely
Clerk, 3rd Circuit Ct. Of Appeal
Hon. Danielle Schott
Clerk, 4th Circuit Ct. Of Appeal
Hon. Peter Fitzgerald
Clerk, 5th Circuit Ct. Of Appeal

# The Supreme Court of the State of Louisiana

IN RE: CLARK C. ROY

NO. 2007-OB-0929

— — — — — —

IN RE: Roy, Clark C.; - Plaintiff; Applying for Findings and
Recommendations (Reinstatement) Office of the Disciplinary Counsel,
No. 05-DB-040;

— — — — — —

August 31, 2007

Reinstatement ordered. See per curiam.

JLW

PFC

CDK

BJJ

JPV

CDT

KNOLL, J., recused.

Supreme Court of Louisiana
August 31, 2007

*Rai d. Dayli*

Deputy Clerk of Court
For the Court

**IN RE:**

**CLARK C. ROY**
**BAR ROLL #08220**

**FILED:**_____

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**

**BY:**_____

## PETITION FOR REINSTATEMENT

The Petition of CLARK C. ROY, Attorney at Law, P. O. Box 306, Marksville, Avoyelles Parish, Louisiana, Bar Roll No. 08220, respectfully represents:

**I.**

Petitioner shows that he was initially admitted to the practice of law on April 20, 1979.

**II.**

Petitioner further shows that by Supreme Court Order he was suspended from the practice of law between the dates of April 25, 2001 through August 31, 2007.

**III.**

Petitioner further shows that on August 31, 2007 he was readmitted as a member in good standing with the Louisiana Bar Association and certified to practice in all Courts.

**IV.**

All of the allegations contained above are outlined in that certain certificate from the Louisiana State Bar Association attached hereto and made part hereof.

**V.**

Petitioner prays that he be formally readmitted to the practice of law in the United States District Court for the Western District of Louisiana.

**WHEREFORE,** petitioner CLARK C. ROY prays that after due consideration, he and the above mentioned facts, he be readmitted into the practice of law in the United States District Court

for the Western District of Louisiana.

CLARK C. ROY
Bar Roll #08220
P. O. Box 306
Marksville, LA 71351



**601 St. Charles Avenue**
**New Orleans, LA  70130-3404**
504.566.1600  800.421.LSBA  Fax: 504.566.0930
LSBA.org

## CERTIFICATE

I, Loretta Larsen, Executive Director of the Louisiana State Bar Association, do hereby certify that **Clark C. Roy** is an active member in good standing of the Louisiana State Bar Association.  Mr. Roy was admitted to practice law in Louisiana on April 20, 1979.  His status record reflects the following certifications:

| | |
|---|---|
| Suspended 04/25/2001-08/31/2007 | • Supreme Court order |
| MCLE Ineligible 07/26/2001-10/07/2005 | • Non-compliance with mandatory continuing legal education requirements |
| Trust Account Ineligible 11/30/2007-01/22/2008 | • Non-compliance with the Trust Account Disclosure Form |

Given over my hand and Seal of the Louisiana State Bar Association, the 23rd day of September, 2009.

Denise Tingstrom
Director of Administration
for Loretta Larsen, CAE
Executive Director
Louisiana State Bar Association

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

---

**IN RE:**     **CLARK C. ROY**
                (Attorney Suspension)

---

<u>O R D E R</u>

In consideration of the Order of Suspension issued by the Supreme Court of the State of Louisiana on 25 April 2001,

IT IS ORDERED that **CLARK C. ROY** is suspended as an attorney practicing before the United States District Court of the Western District of Louisiana until further order of the court.

Alexandria, Louisiana

22 May 2001

_F. A. LITTLE, JR., CHIEF JUDGE_
UNITED STATES DISTRICT COURT

Noticed:   Date: 5/25/01
          By:
          All W/D LA U. S. District Court Judges
          All W/D LA U. S. Bankruptcy Judges
          All W/D LA U. S. Magistrate Judges
          W/D LA Bankruptcy Clerk of Court
          All W/D LA U. S. District Court Divisional Offices
          All Shreveport Docket Clerks
          Fifth Circuit Court of Appeals
          American Bar Association



# Supreme Court

### STATE OF LOUISIANA

### New Orleans

PASCAL F. CALOGERO, JR.
CHIEF JUSTICE

JOHN TARLTON OLIVIER
CLERK OF COURT

May 16, 2001

301 LOYOLA AVENUE
NEW ORLEANS, LA 70112

TELEPHONE (504) 568-5707
HOME PAGE http://www.lasc.org

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAY 2 1 2001

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

Hon. William K. Suter
Clerk, U.S. Supreme Court
Office of the Clerk
Washington, D.C. 20543

In Re:      Clark C. Roy
           Bar Roll No. 8220
           Marksville, LA
           Docket No. 2001-B-0978

Dear Mr. Suter:

Enclosed please find the action taken by this Court in the above entitled matter. The case became final in this Court on April 25, 2001.

With kindest regards, I remain,

Very truly yours,

John Tarlton Olivier
Clerk of Court

*Monique R. Drake*

By:     Monique R. Drake
        Deputy Clerk of Court

MRD:rbb
ccs:     Hon. Charles R. Fulbruge, III,
        Clerk, U.S. Court of Appeals, Fifth Circuit
        Hon. Loretta G. Whyte, USDC, Eastern District
        Rhonda Martin, USDC, Middle District
        Hon. Robert H. Shemwell, USDC, Western District
        Hon. Charles B. Plattsmier, Disciplinary Counsel
        Claire F. Jupiter, Esq., Chairman Disciplinary Board
        Loretta Topey, Executive Director, LSBA
        Donna Roberts, Administrator, Disciplinary Board
        Hon. Sidney Strickland, Secretary, ICC
        Regional Director, IRS
        Hon. Hugh M. Collins, Ph.D., Judicial Administrator
        Carmen Hall, Notarial Archives
        George Lowe, Off. of Hearing/Appeals Social Secuity Adminstration
        Fox McKeithen, State of Louisiana, Notarial Commission
        Harvey Lewis, Chairman LSBA Comm. Codes of Lawyer & Jud. Conduct

# The Supreme Court of the State of Louisiana

**IN RE: CLARK C. ROY**

NO. 2001-B-0978

------

IN RE: Roy, Clark C.; Disciplinary Counsel; - Plaintiff(s);
Applying for Joint Petition for Interim Suspension

------

**April 25, 2001**

Motion granted. See order.

PFC

CDK

BJJ

JPV

CDT

PCC

KNOLL, J., recused.

Supreme Court of Louisiana
April 25, 2001

*Katherine A. Fontana*

**Deputy** Clerk of Court
For the Court

SUPREME COURT OF LOUISIANA

NO. 01-B-0978

IN RE: CLARK C. ROY

## ORDER

Considering the Joint Petition for Interim Suspension filed by respondent, Clark C. Roy, and the Office of Disciplinary Counsel,

IT IS ORDERED that Clark C. Roy be and he hereby is suspended from the practice of law on an interim basis pursuant to Supreme Court Rule XIX, § 19.3, pending further orders of this court. Pursuant to Supreme Court Rule XIX, § 26(E), this order is effective immediately.

IT IS FURTHER ORDERED that necessary disciplinary proceedings be instituted in accordance with Supreme Court Rule XIX, §§ 11 and 19.

NEW ORLEANS, LOUISIANA, this 25th day of April, 2001.

FOR THE COURT:

JUSTICE, SUPREME COURT OF LOUISIANA

# United States Bankruptcy Court
## Western District of Louisiana

**Case No.:** 09-80844
**Chapter:** 7
**Judge:** Henley A. Hunter

**In Re:** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Jason R. Gagnard
*( debtor has no known aliases )*
784 Deanna Dr.
Marksville, LA 71351

Shannon Dauzat Gagnard
*( debtor has no known aliases )*
784 Deanna Dr.
Marksville, LA 71351

**Social Security No.:**
xxx-xx-5964

xxx-xx-3422

**Employer's Tax I.D. No.:**

---

## NOTICE OF CHAPTER 7 CASE CLOSED WITHOUT DISCHARGE

All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor(s) did not file Official Form 23, Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management.

Date: 12/15/09

J. Barry Dunford
CLERK OF COURT

Here is the petition.  Call me next week.

Thanks,
Amy


Clark C. Roy.pdf



**Amy L. Greenwald**
**Chief Deputy**
**U.S. District Court**
**Western District of Louisiana**
**(318) 934-4718**

SUPREME COURT OF LOUISIANA

NO. 07-OB-0929

IN RE: CLARK C. ROY                    AUG 3 1 2007

ON APPLICATION FOR REINSTATEMENT

JLW

PER CURIAM*

In 2004, petitioner, Clark C. Roy, was suspended from the practice of law for three years, retroactive to the date of his interim suspension, pursuant to a petition for consent discipline. *In re: Roy*, 04-0635 (La. 4/30/04), 872 So. 2d 464. The disciplinary proceeding stemmed from several complaints against petitioner, generally alleging that he neglected his clients' legal matters, failed to communicate with his clients, misled his clients concerning the status of their legal matters, and failed to refund unearned fees. This misconduct was directly attributable to petitioner's alcoholism.

Following his suspension, petitioner successfully completed an inpatient substance abuse treatment program and made substantial progress in maintaining his sobriety. Thereafter, petitioner filed an application for reinstatement, asserting that he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel ("ODC") took no position concerning petitioner's reinstatement. Accordingly, pursuant to Rule XIX, § 24(F) and (G), the matter was referred for a formal hearing before a hearing committee.

After considering the evidence presented, the hearing committee recommended that petitioner be conditionally reinstated to the practice of law. The disciplinary board agreed that petitioner has satisfied the requirements for reinstatement by clear

_____
* Knoll, J., recused.

and convincing evidence. Accordingly, the board recommended to this court that petitioner be reinstated to the practice of law, subject to certain conditions regarding his recovery agreement with the Lawyers Assistance Program ("LAP"). Neither petitioner nor the ODC objected to the disciplinary board's recommendation.

After considering the record in its entirety, we will adopt the disciplinary board's recommendation and reinstate petitioner to the practice of law, subject to the condition that he must extend his LAP contract for a period of five years and fully comply with the terms and conditions thereof.[1] The ODC shall monitor respondent's compliance with his recovery agreement and notify this court of any violation, which may be grounds for immediately transferring respondent to disability inactive status, or placing him on interim suspension, as appropriate.

## DECREE

Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Clark C. Roy, Louisiana Bar Roll number 8220, be immediately reinstated to the practice of law in Louisiana, subject to the conditions set forth herein. All costs of these proceedings are assessed against petitioner.

---

[1] Petitioner's current LAP contract expires on September 20, 2007. The five-year extension which is a condition of petitioner's reinstatement will subject him to monitoring by LAP through 2012.

B 203
(12/94)

**UNITED STATES BANKRUPTCY COURT**
**Western District of Louisiana**

FILED

JAN 25 2011

J. BARRY DUNFORD, CLERK
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT LOUISIANA

In re: **Rodney Lynn Miller**        **Rebecca Anne Miller**        Case No.

Debtors        Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY
## FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept        $ _____

   Prior to the filing of this statement I have received        $ _____

   Balance Due        $ _____

2. The source of compensation paid to me was:

   ☐ Debtor        ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor        ☐ Other (specify)

4. ☐ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☑ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d) Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e) [Other provisions as needed]

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: **11/23/2010**

Clark C. Roy, Bar No. 00000

**Clark C. Roy, Attorney at Law**
Attorney for Debtor(s)

---



FILED

JAN 25 2011

J. BARRY DUNPORD, CLERK
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT of LOUISIANA

### United States Bankruptcy Court
### Western District of Louisiana

In re:  **Rodney Lynn Miller**          Case No.:  **10-81829**

**Rebecca Anne Miller**          Chapter:  **7**

Debtor(s)

## Statement Under Penalty of Perjury Concerning Payment Advices
## Due Pursuant to 11 USC §521(A)(1)(B)(iv)

I\*, **Rebecca Anne Miller** (Debtor's Name), state as follows:

I did not file with the Court copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition from any employer due to one of the following:

_____ (a)    I was not employed during the period immediately preceding the filing of the above-referenced case

_____ ;

Please enter dates not employed.

(b)    I was employed during the period immediately preceding the filing of the above-referenced case but did not receive any payment advices or other evidence of payment from my employer within 60 days before the date of the filing of the petition;

✓ (c)    I am self-employed and do not receive any evidence of payment;

_____ (d)    Other (Please Explain, i.e. Retired, etc.)

_____

I declare under penalty of perjury that I have read the foregoing statement and that it is true and correct to the best of my knowledge, information, and belief.

**s/ Rebecca Anne Miller**
_____
**Rebecca Anne Miller**
Signature of Debtor

\* **A separate form must be filed by each Debtor**

05/06



FILED

JAN 25 2011

J. BARRY DUN~JRU, CLERK
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT of LOUISIANA

## United States Bankruptcy Court
## Western District of Louisiana

In re:     **Rodney Lynn Miller**                 Case No.:   $10 - 81829$

        **Rebecca Anne Miller**              Chapter:  **7**

        Debtor(s)

### Statement Under Penalty of Perjury Concerning Payment Advices
### Due Pursuant to 11 USC §521(A)(1)(B)(iv)

I*, <u>**Rodney Lynn Miller**</u> (Debtor's Name), state as follows:

I did not file with the Court copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition from any employer due to one of the following:

_____  (a)   I was not employed during the period immediately preceding the filing of the above-referenced case

             _____ ;

             Please enter dates not employed.

_____  (b)   I was employed during the period immediately preceding the filing of the above-referenced case but did not receive any payment advices or other evidence of payment from my employer within 60 days before the date of the filing of the petition;

___✓___  (c)   I am self-employed and do not receive any evidence of payment;

_____  (d)   Other (Please Explain, i.e. Retired, etc.)

             _____

I declare under penalty of perjury that I have read the foregoing statement and that it is true and correct to the best of my knowledge, information, and belief.

            **s/ Rodney Lynn Miller** _____

            **Rodney Lynn Miller**
            Signature of Debtor

**\* A separate form must be filed by each Debtor**